UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PAULINE V.C.,

        Plaintiff,

v.

COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,

        Defendant.

Case No. 3:19-cv-5198-TLF

ORDER

Plaintiff has brought this matter for judicial review of defendant's denial of her application for benefits under title XVI of the Social Security Act. The parties have consented to have this matter heard by the undersigned Magistrate Judge. As discussed below, the ALJ's decision is affirmed.

## ISSUES FOR REVEW

Did the ALJ commit harmful error in weighing plaintiff's allegations about severity and functional impact of migraine headaches and mental impairments?

## DISCUSSION

The Court will uphold an ALJ's decision unless: (1) the decision is based on legal error, or (2) the decision is not supported by substantial evidence. *Ford v. Saul,* 950 F.3d 1141, 1154-55 (9th Cir. 2020). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v.*

ORDER - 1

1    *Berryhill,* 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). This requires "more than a mere scintilla," of evidence. *Id.*

       The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). It must weigh both the evidence that supports, and evidence that does not support, the ALJ's conclusion. *Id.* The Court considers in its review only the reasons the ALJ identified and may not affirm for a different reason. *Id.* at 1010. Furthermore, "[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (citations omitted).

       In weighing a plaintiff's statements, an ALJ must use a two-step process. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). First, the ALJ must determine whether there is objective medical evidence of an underlying impairment that could reasonably be expected to produce some degree of the alleged symptoms. *Ghanim v. Colvin,* 763 F.3d 1154, 1163 (9th Cir. 2014). If the first step is satisfied, and provided there is no evidence of malingering, the second step allows the ALJ to reject the claimant's statements regarding the severity of symptoms if the ALJ can provide specific findings and clear and convincing reasons for rejecting the claimant's testimony. *Id. See Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999) (inconsistent testimony about symptoms is clear and convincing reason to discount subjective allegations).

       The ALJ is required to identify the statements he or she determined to be not credible and point to the evidence that undermines the plaintiff's credibility. *Dodrill v.*

*Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Although the Court upholds an ALJ's findings when they are supported by inferences reasonably drawn from the record, *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004), the ALJ must actually state such inferences to give a cogent explanation. The ALJ needs to make findings sufficiently specific to allow this Court to conclude that the ALJ rejected the plaintiff's statements on permissible grounds and did not arbitrarily discredit the claimant's testimony. *Rollins v. Massanari*, 261 F.3d 853, 856-57 (9th Cir. 2001).

In this case, plaintiff asserts that the ALJ mistakenly found that plaintiff's allegations about the severity of her migraines and functional limitations were inconsistent with medical records showing that plaintiff's migraines improved with treatment. The ALJ accurately observed that plaintiff's treatment records show that she was treated successfully for the pain associated with migraine headaches. AR 21, 22-23, 395-97, 481. And, the ALJ noted that plaintiff's treatment for migraines was conservative – pain relieving medication, adjusted to meet changing circumstances – and that plaintiff did not describe or present symptoms that would suggest she was in acute distress. AR 22, 340, 342, 408, 417, 427-28, 611, 627, 644-46.

Plaintiff also argues the ALJ erred by identifying her work history and volunteering at a retirement home as being inconsistent with her statements that she could not work, due to disabling impairments. The ALJ's observations are based on substantial evidence, and the Court finds no error. Plaintiff worked in a volunteer capacity for about six months in a retirement home. AR 56-57. She also had a part-time job working in a fast-food restaurant but was released from that employment because

1  she did not produce quickly enough. AR 67-68, 214-215. Plaintiff also worked at her
2  mother's pet business, cleaning up. AR 46.

3        With respect to her mental health and cognitive capacity, the plaintiff asserts that
4  the ALJ erred by finding that plaintiff cared for her disabled husband, her disabled son,
5  and her niece on a regular basis and the record showed that she cleaned, prepared
6  meals, used social media, shopped online and in stores. The ALJ pointed this out
7  because these activities were inconsistent with plaintiff's statements that her mental
8  condition was severely depressed, she was unable to function due to pain from frequent
9  migraines, and that her cognitive capacity was quite low. AR 19, 23.

10       The ALJ's inference was not error. The ALJ was not citing these activities as
11 evidence that plaintiff's childcare or adult care activities were directly transferable to the
12 workplace; instead, the ALJ was pointing out an inconsistency between these
13 demanding daily activities and plaintiff's statements about her lack of ability to function
14 in any work setting – due to migraines and mental health conditions such as depression
15 and attention deficit disorder. According to the Ninth Circuit's opinion in *Rollins v.*
16 *Massanari,* 261 F.3d 853, 857 (9th Cir. 2001), this is a permissible inference.

17       These are clear and convincing reasons for discounting the plaintiff's testimony.
18 As to plaintiff's other contentions about why her testimony should not have been
19 discounted, such errors would be harmless. The ALJ gave at least two valid reasons for
20 rejecting plaintiff's symptom testimony, and those reasons remain valid despite the
21 additional allegations of errors. The ALJ therefore did not harmfully err in rejecting
22 plaintiff's symptom testimony. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012)

(error is harmless as long as substantial evidence supports the ALJ's decision and the alleged error does not negate the validity of ALJ's ultimate decision).

Because the ALJ's decision would remain legally valid despite those alleged errors, the Court finds these errors, if any, to be harmless. *Carmickle v. Comm'r of Soc. Sec. Admin.,* 533 F.3d 1155, 1163 (9th Cir. 2008).

## CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ properly determined plaintiff to be not disabled. Defendant's decision to deny benefits therefore is AFFIRMED.

Dated this 17th day of July, 2020.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER - 5